**Eileen Christina SANDERSON, Plaintiff,**

v.

**The UPJOHN COMPANY et al., Defendants.**

**Civ. A. No. 75–4228–G.**

United States District Court, D. Massachusetts.

Jan. 24, 1984.

Andrew C. Meyer, Jr., Boston, Mass., for plaintiff.

Ruth McNiff, East Boston, Mass., Ficksman & Conley, Boston, Mass., for Spector & White.

Nonnie S. Burnes, Gael Mahony, Reginald Lindsay, Hill & Barlow, Boston, Mass., for Upjohn.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GARRITY, District Judge.

This is a suit to recover for personal injuries suffered by Eileen Christina Sanderson allegedly as a result of her ingestion of Cleocin, an antibiotic manufactured and distributed by The Upjohn Company. The action is presently before the court on Upjohn's motion for summary judgment.[1]

---

1. The two physician-defendants, Dr. Arthur Spector and Dr. Patience White, have not moved

The court heard oral argument and received both pre-hearing and post-hearing briefs from the parties. Upjohn urges two grounds in support of its motion: first, that plaintiff Sanderson cannot show that ingestion of Cleocin caused her enterocolitis; second, that even if she could so show, Upjohn adequately warned Ms. Sanderson's prescribing and treating physicians of the reported side effects associated with Cleocin treatment.

■ As support for the first ground, Upjohn notes that plaintiff ingested Ampicillin (an antibiotic not manufactured by Upjohn) at the same time she ingested Cleocin and that either antibiotic could have caused her enterocolitis. Furthermore, Upjohn states that her symptoms were more consistent with Crohn's disease than with antibiotic-induced colitis. Relying on the affidavit of Dr. Kurt J. Isselbacher, Upjohn asserts "it is medically impossible looking at the November 1974 medical records alone to determine which of the two antibiotics caused her problem, if either did." According to Upjohn, there is no evidence that shows a causal connection between its drug and plaintiff's injuries.

If this were true, Upjohn would be entitled to a judgment as a matter of law. But it is not. Sanderson has identified at least three pieces of evidence linking her injury to the ingestion of Cleocin. Dr. Lois Goodman, who saw plaintiff on November 12, 1974 in the emergency room at Beth Israel Hospital, diagnosed her as having clindamycin[2]-induced colitis. In addition, Dr. Stuart Bender, who was her long-time dermatologist, stated in a deposition that he had prescribed Ampicillin for her over a long period of time and that she had never experienced an adverse reaction. Dr.

Bender's statement gives rise to the inference that her colitis was induced by Cleocin, which she had never ingested before, rather than Ampicillin. Finally, the medical records of Dr. William A. Hoffman, the gastroenterologist who treated plaintiff during her hospitalization, lists clindamycin as a possible cause of her illness.[3]

These three pieces of evidence give rise to a genuine issue of material fact, namely, the causal connection between Sanderson's ingestion of Cleocin and her subsequent illness.

We turn then to defendant Upjohn's second ground for its motion for summary judgment: that it adequately warned Sanderson's prescribing and treating physicians that severe and persistent diarrhea, abdominal pain and nausea had been reported in association with the administration of Cleocin. Sanderson suffered severe and persistent diarrhea, abdominal pain and nausea. Having warned of exactly the conditions which she experienced, Upjohn argues, its warning was adequate as a matter of law and it cannot be held liable for any damage suffered by Sanderson. This argument has some superficial appeal. Upon reflection, however, we conclude that the nature and severity of Ms. Sanderson's illness are not dispositive on the issue of the adequacy of Upjohn's warning.

■ Preliminarily we note that the adequacy of warnings accompanying a product usually is a question of fact for the jury. *Uloth v. City Tank Corp.*, 1978, 376 Mass. 874, 881, 384 N.E.2d 1188. *Cf. Brochu v. Ortho Pharmaceutical Corp.*, 1 Cir.1981, 642 F.2d 652, 657. Upjohn attempts to avoid this general rule on the basis that a warning which describes precisely the con-

---

for summary judgment.

**2.** Clindamycin is the generic name of the antibiotic. Cleocin is Upjohn's brand name. There is no evidence that Ms. Sanderson ingested any other brand of clindamycin.

**3.** Upjohn points out that in his deposition, Dr. Hoffman stated he was unable to determine whether Ms. Sanderson's illness was caused by Ampicillin, Cleocin or a combination of the two.

He also stated he was unable to determine whether she had Crohn's disease. Plaintiff responds that the steroid treatment prescribed by Dr. Hoffman evidences his belief at the time that she was suffering from Cleocin-induced colitis. The apparent inconsistencies between Dr. Hoffman's medical records, his treatment of Sanderson, and his deposition underline the reasons why summary judgment is inappropriate at this time.

dition suffered by the plaintiff is adequate as a matter of law. The flaw in this argument is that it conflates the negligence issue (adequacy of warning) with the damages issue. To illustrate the point, assume a pharmaceutical manufacturer markets a prescription drug that carries with it a significant risk of both temporary dizziness and permanent blindness, but that the manufacturer warns doctors only of the temporary dizziness. Quite clearly the warning is inadequate. Now further assume that a patient who ingests the drug after being warned by her doctor about the risk of temporary dizziness *would not have ingested it if warned about the risk of blindness*. Clearly there is a causal connection between the manufacturer's failure to warn adequately and the patient's decision to take the drug. Finally, assume that the patient experiences temporary dizziness as a result of her ingesting the drug. Under Upjohn's argument, the drug manufacturer would be entitled to summary judgment. But this is clearly wrong; in fact the patient rather than the manufacturer probably would be entitled to summary judgment on liability, having made out the essential elements of any tort claim: negligence (failure to warn adequately), causation and injury. The fact that the patient experienced temporary dizziness rather than permanent blindness reduces the extent of her damages, but it does not cure the inadequacy of the manufacturer's warning. By hypothesis, had the warning been adequate, the patient would not have suffered temporary dizziness.

Both parties agree that the adequacy of Upjohn's Cleocin warning is a central issue of liability in this case. The severity of Ms. Sanderson's illness, while not completely irrelevant to that issue, certainly is not dispositive. The legal adequacy of Upjohn's warnings depends upon all the circumstances known or reasonably discoverable by Upjohn at the time it marketed its drug. *Brochu, supra* at 657. It does not change from case to case depending on the symptoms experienced by particular plaintiffs.

We have examined the cases on which Upjohn relies. Although some courts, in awarding summary judgment to drug manufacturers, have noted the similarity between the adverse effects warned against and the illness suffered by the plaintiff, *e.g., Dunkin v. Syntex Laboratories, Inc.,* W.D.Tenn.1977, 443 F.Supp. 121, 124; *Buck v. Barnes-Hines Pharmaceutical Co.,* D.D.C.1977, 428 F.Supp. 496, 498, no court has said such a similarity is dispositive. Indeed, in one case relied upon by Upjohn, *Chambers v. G.D. Searle & Co.,* D.Md.1975, 441 F.Supp. 377, the court directed a verdict in favor of the drug company on the adequacy of warning issue only after listening to and analyzing six days of trial testimony.

The federal Cleocin trilogy is instructive. *See Maudlin v. Upjohn,* 5 Cir.1983, 697 F.2d 644; *Timm v. Upjohn,* 5 Cir.1980, 624 F.2d 536, *cert. denied,* 1981, 449 U.S. 1112, 101 S.Ct. 921, 66 L.Ed.2d 840; and *Werner v. Upjohn,* 4 Cir.1980, 628 F.2d 848. In all three cases the issue of the adequacy of Upjohn's Cleocin warning was submitted to the jury. Upjohn successfully distinguishes two of these cases by pointing out that a different warning was at issue. Prior to August, 1974, the Cleocin warning made no mention of the risk of pseudomembranous colitis (PMC), a serious illness from which the *Maudlin* and *Timm* plaintiffs suffered. The *Werner* case, however, is not distinguishable. The warning at issue in *Werner* was the same August 1974 warning that is at issue here. Although the plaintiff in *Werner* suffered from PMC and Sanderson suffered the milder enterocolitis, the severity of the plaintiff's illness does not determine whether or not a jury question exists on the adequacy of the warning.

Upjohn also relies on *Wolfgruber v. Upjohn,* N.Y. 1979, 72 App.Div.2d 59, 423 N.Y.S.2d 95, *aff'd* 1980, 52 N.Y.2d 768, 436 N.Y.S.2d 614, 417 N.E.2d 1002, in which Upjohn won a summary judgment on the warning issue. The warning in *Wolfgruber* was the same warning at issue here; and the plaintiff in *Wolfgruber* suffered essentially the same illness as Sanderson,

who attempts to distinguish *Wolfgruber* on the ground that the plaintiff was a doctor of 25 years who prescribed Cleocin for himself. Although we agree with Upjohn that the court's analysis in *Wolfgruber* did not focus on this aspect of the case, we decline the invitation to follow the *Wolfgruber* analysis.

In light of the general rule that sends adequacy of warning questions to the jury, and based on the court's foregoing analysis of the circumstances in this case, Upjohn's motion for summary judgment is denied.[4]

Eugenio Cazorla, Dallas, Tex., for plaintiffs.

Mary Ann Moore, Asst. U.S. Atty., Dallas, Tex., for defendant.

## ORDER

---

**4.** Our holding today makes it unnecessary to address Ms. Sanderson's claim that she was entitled to receive a warning directly from Upjohn concerning the possible adverse effects of Cleocin.